■ In the Matter of HENRY MEIER, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. — Judgment (denominated an order), Supreme Court, New York County, entered June 28, 1979 in this article 78 proceeding, which denied the application of petitioner-appellant for vacatur of a determination of respondents-respondents New York City Employees' Retirement System (NYCERS) and the City of New York (the City), and dismissed his petition for accident-disability retirement, unanimously reversed, on the facts and the law, and petition granted to the extent of remanding to NYCERS for further proceedings, without costs. Petitioner correction officer appeals from a denial by the Board of Trustees of the NYCERS of a line of duty (LOD) pension in reliance upon the recommendation of the NYCERS' medical board. Petitioner contends that an incident on August 5, 1976, in which he assisted in putting out a fire in a cell at the Queens Criminal Court had a causal relation to and aggravated his heart condition (angina pectoris) and constituted an accidental injury arising out of and in the course of his employment and that therefore he is entitled to a LOD pension. The August 10, 1978 report of the medical board contained a statement indicating that petitioner had suffered from coronary artery disease prior to his employment by the Department of Correction. Petitioner had been so employed since 1957, and there is no support whatsoever in the record that his disability predated this employment. This appears to be a mistake. It is probable that the board meant to indicate that the disease predated the fire incident of August 5, 1976, as petitioner admitted having had chest pains for two weeks prior to this episode. This clear error was ratified by the trustees and relied on by Special Term. While there was sufficient evidence to warrant a determination by the board that petitioner's illness predated the fire, its determination denying LOD may have been erroneous because of the statement that his illness predated his employment. Concur — Kupferman, J. P., Birns, Silverman, Bloom and Carro, JJ.